# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**MICHAEL ALEX BROWN**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:14-CR-196

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant, age 30, is charged in a drug conspiracy. He lives in Kalamazoo with his wife and child, and has three other children from two prior relationships. Defendant's source of income is unknown since he has been unemployed since the summer of 2013 and both he and his wife claim they are enrolled in school. Nevertheless, defendant is able to support a drug habit of using marijuana 4 to 5 times per week, and has done so for the past thirteen years (his wife states that she is "unaware of any substance abuse problem"). (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant, and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption. In the alternative, I find the government has met its burden in the absence of a presumption based upon the defendant's repeated failures to appear and clear involvement in the use and trafficking of drugs. (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 27, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:14-cr-00196-GJQ  ECF No. 131 filed 02/06/15  PageID.272  Page 2 of 2

United States v. **MICHAEL ALEX BROWN**
1:14-CR-196
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant's criminal record dates back 13 years as well, and from the beginning he has repeatedly failed to appear in court. On some 12 different occasions, he has failed to appear for sentencings, hearings, arraignments, etc., even though some of the charges were not nearly as significant as the pending one. It appears the defendant almost routinely makes it a practice to not appear in court until an arrest warrant is issued and the police have to arrest him and bring him in.

At the time of defendant's arrest, 32 grams of crack, digital scales and packaging material was found in his residence, which defendant admitted was present but was not for his own use.

Defendant has family support in the Kalamazoo area, but unfortunately it has not been sufficient to date to keep him out of trouble as evidenced by his lengthy criminal record, his repeated failures to meet his obligations to appear in court, and his substance abuse over the last 13 years.

**Part II - Written Statement of Reasons for Detention** - (continued)

Placing the defendant on the street would virtually guarantee the marshals would have to routinely find him and bring him in for further appearances.